UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KATY RITCHIE | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| LIFE INSURANCE COMPANY | : | |
| OF NORTH AMERICA d/b/a | | |
| NEW YORK LIFE GROUP BENEFIT | : | |
| SOLUTIONS | : | |
| *Defendant* | : | |

# COMPLAINT

Now comes the Plaintiff in the above entitled matter and complains as follows:

## Nature of Action

1. This is an action seeking an award to Plaintiff of long-term disability ("LTD") benefits under the group long-term disability plan (the "Plan") established by PetSmart, which is administered and insured by Life Insurance Company of North America d/b/a New York Life Group Benefit Solutions ("New York Life").

2. Plaintiff seeks recovery of benefits pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

3. At all relevant times, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1), and as a result of her employment, Plaintiff was qualified under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Parties

4. Plaintiff is and was at all relevant times a resident of the State of Rhode Island.

5. Defendant, upon information and belief, is an insurance company registered to do business in Rhode Island and having a usual place of business located at 51 Madison Avenue, New York, NY 10010.

## Jurisdiction and Venue

6. At all relevant times, Defendant had sufficient minimum contacts within the State of Rhode Island to satisfy the requirements for personal jurisdiction pursuant to Rhode Island's Long Arm Statute.

7. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA), and in particular 29 U.S.C. §1132(e)(1) and §1132(f). In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

8. ERISA provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. The administrative appeal process has been exhausted, is satisfied, and this dispute is ripe for suit.

9. Venue is proper in this Court because Plaintiff is a resident of the State of Rhode Island, and Defendant is subject to this Court's personal jurisdiction with respect to this action. 28 U.S.C. §1391(c)(2).

## Statements of Fact

10. Prior to her disability, Ms. Ritchie worked as a manager for PetSmart.

11. Ms. Ritchie became totally disabled under the terms of the Plan on or about September 13, 2021.

12. Ms. Ritchie has been diagnosed with fibromyalgia, irritable bowel syndrome ("IBS"), Lyme disease, depression, and anxiety.

13. As a result of her conditions, Ms. Ritchie suffers from chronic pain, headaches, gastrointestinal distress, disrupted sleep and fatigue, brain fog, anxiety, and depression.

14. Under the Plan, Ms. Ritchie is disabled and entitled to LTD benefits if she meets the following definition of Disability:

   > The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
   > 1. Unable to perform the material duties of his or her Regular Occupation; and
   > 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
   >
   > After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
   > 1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
   > 2. Unable to earn 60% of more of his or her Indexed Earnings.

15. After she stopped working, Ms. Ritchie filed a claim for LTD benefits with New York Life.

16. On or about July 11, 2022, Ms. Ritchie's file was reviewed by New York Life's psychology consultant, Gitry Heydebrand, Ph.D.

17. Dr. Heydebrand concluded that no psychiatric restrictions and limitations were supported.

18. On or about July 12, 2022, Ms. Ritchie's file was reviewed by New York Life's internal medicine consultant, Hossein Molazadeh, M.D.

19. Dr. Molazadeh concluded that no physical restrictions and limitations were supported.

20. On or about July 29, 2022, New York Life denied Ms. Ritchie's LTD claim.

21. New York Life's decision to deny Ms. Ritchie's LTD benefits was wrong.

**Ms. Ritchie appealed New York Life's wrongful denial of LTD benefits**

22. On or about December 5, 2023, Ms. Ritchie appealed New York Life's denial of her LTD benefits.

23. On or about January 4, 2024, Ms. Ritchie's file was reviewed by New York Life's internal medicine consultant, Stephen Broomes, M.D.

24. Dr. Broomes concluded that Ms. Ritchie was impaired due to "cognitive issues, significant fatigue, panic attacks, headaches, and sleeping difficulties, as well as severe anxiety and depression," for a closed period of time.

25. More specifically, Dr. Broomes concluded:

> From an Internal Medicine perspective, the medical evidence provided does support for a functionally impairing condition that demonstrably interferes with the claimant's daily/occupational functioning from 03/18/2022 through 06/01/2023. The severity of her symptoms would prevent the claimant from engaging in any type of gainful employment. The claimant would be only restricted to her ADLs during the review period. However, there is no significant objective evidence to substantiate impairments or restrictions from 09/13/2021 through 03/17/2022 and from 06/02/2023 forward.

26. On or about January 9, 2024, Ms. Ritchie's file was reviewed by New York Life's psychiatry consultant Ajay Parsaik, M.D., M.S.

27. Dr. Parsaik concluded that "[t]here is a significant amount of evidence to support complete impairment from 9/13/21 forward due to a mental, behavioral impairment until 6/15/2023."

28. Dr. Parsaik further concluded: "While this is possible that the claimant continues with impairment, there was no medical documentation provided beyond 6/15/22 [sic] to address the claimant's functional status."

29. On or about February 14, 2024, Ms. Ritchie submitted updated medical records since June 2023 and an additional treating provider report to New York Life in support of her appeal.

30. Ms. Ritchie's February 14, 2024 submission included a report from Jennifer Smyka, MSN, PMHNP-BC.

31. Ms. Smyka reported: "Patient has reported significant anxiety, low mood, low motivation, low energy. She explains ongoing pain and GI symptoms have been impacting her ability to leave the house or attend appointments. She appears very tearful during session today and reports scattered thinking and difficulty completing daily tasks at hand."

32. Ms. Smyka further reported: "Her current conditions/symptoms would interfere with her ability to work as she reports not being able to initiate/complete tasks, not able to focus, emotional instability, pain reported and GI symptoms that would disrupt her at work as well (pain and GI symptoms are treated by PCP)."

33. On or about February 28, 2024, Ms. Ritchie submitted additional updated medical records since June 2023 to New York Life in support of her appeal.

34. On or about February 29, 2024, Ms. Ritchie submitted an additional report from Tiffany Kaelin, LMFT to New York Life in support of her appeal.

35. Ms. Kaelin reported: "Ms. Ritchie has reported having low energy, anhedonia, intrusive thoughts, difficulty concentrating, poor sleep, GI issues, intolerance to heat and aches and pains. Ms. Ritchie reports these symptoms are present more than half the days within a month."

36. On or about March 13, 2024, New York Life obtained an addendum report from its consultant, Dr. Broomes.

37. Dr. Broomes' addendum report maintained his original opinion, concluding: "Although it was noted that the claimant had frequent visits, improvements in her condition in relation to pain and being compliant with therapy session, the claimant is not functionally impaired from working from 09/13/2021 through 03/17/2022 and 06/02/2023 forward."

38. On or about March 13, 2024, New York Life obtained an addendum report from its consultant, Dr. Parsaik.

39. Dr. Parsaik's addendum report concluded that the "updated documents do support the complete impairment from 6/14/2023 to current."

40. On March 25, 2024, New York Life wrote to Ms. Ritchie and provided copies of Dr. Broomes and Dr. Parsaik's reports to review and respond to, stating:

> After a complete review of the information on file, we have concluded that [Ms. Ritchie] would be unable to perform her occupation for the time period of September 13, 2021 through December 13, 2023 and would be due benefits for that time period. To further support beyond December 13, 2023, medical records on file would need to be supportive of a physical condition that does not fall under the "Limited Benefit Periods for Mental or Nervous Disorders" for the time period of June 2, 2023 through the present. The medical records that we have on file and have reviewed, indicates that [Ms. Ritchie] would not be functionally impaired with a level of severity that would prevent her from completing her regular occupation. We realize she may experience symptoms due to her physical medical condition(s); however, the medical information on file is not supportive of continued disability as defined by the LTD policy.

41. Ms. Ritchie responded to New York Life's March 25, 2024 letter on April 23, 2024 and explained how the record documented she continued to suffer the same disabling physical symptoms beyond June 1, 2023.

42. With her April 23, 2024 response, Ms. Ritchie provided additional updated medical records and a personal statement.

43. On or about April 26, 2024, Ms. Ritchie submitted an additional report from primary care physician Ali Mossaid, M.D. to New York Life in support of her appeal.

44. Dr. Mossaid reported that "Ms. Ritchie continued to suffer from cognitive issues, significant fatigue, panic attacks, headaches, sleeping difficulties, severe anxiety and depression beyond June 1, 2023."

45. Dr. Mossaid further reported that "Ms. Ritchie suffered from symptoms of irritable bowel syndrome, including constipation, diarrhea, bloating, and abdominal cramping, that would negatively impact her ability to work" since at least June 1, 2023.

46. Dr. Mossaid further reported that "Ms. Ritchie suffered from symptoms of fibromyalgia, including significant pain throughout her body, that would negatively impact her ability to work" since at least June 1, 2023.

47. Dr. Mossaid further reported that "Ms. Ritchie's fatigue, pain, gastrointestinal issues, cognitive issues, and sleeping difficulties continued to render her incapable of reliably and consistently performing the duties of any occupation since June 1, 2023 and through the present."

48. On or about May 8, 2024, Dr. Broomes wrote a second addendum to his file review opinion.

49. In his May 8, 2024 second addendum, Dr. Broomes concluded that the medical evidence still did "not support functional impairment from 6/14/2023 through the present from the perspective of Internal Medicine."

50. On or about May 9, 2024, Dr. Parsaik wrote a second addendum to his file review opinion.

51. In his May 8, 2024 second addendum, Dr. Parsaik concluded that "updated documents continue to support the complete impairment from 6/14/2023 to current."

52. On May 20, 2024, New York Life wrote to Ms. Ritchie and provided copies of Dr. Broomes and Dr. Parsaik's second addendum reports to review and respond to.

53. Ms. Ritchie responded to New York Life's May 20, 2024 letter on May 31, 2024 and explained the errors in Dr. Broomes' second addendum review.

**Against the clear weight of the evidence, New York Life denied benefits beyond December 13, 2023**

54. On June 17, 2024, New York Life issued its decision on Ms. Ritchie's appeal.

55. New York Life concluded that the original claim decision should be overturned for a closed period of time.

56. More specifically, New York Life concluded: "After a complete review of the information on file, we have concluded that [Ms. Ritchie] would be unable to perform her occupation for the time period of September 13, 2021 through December 13, 2023 and would be due benefits for that time period."

57. New York Life's decision to deny Ms. Ritchie's LTD benefits beyond December 13, 2023 was against the clear weight of the evidence.

58. New York Life's decision to deny Ms. Ritchie's LTD benefits beyond December 13, 2023 was wrong, arbitrary, and capricious.

59. Upon information and belief, New York Life was responsible for paying Plaintiff's LTD benefits.

60. Upon information and belief, New York Life had a financial conflict of interest serving as (a) the fiduciary to determine plan beneficiaries' entitlement to LTD benefits, and (b) the entity responsible for paying such benefits from its own assets.

61. Upon information and belief, New York Life had a financial incentive to limit Plaintiff's LTD Plan benefits.

62. Upon information and belief, New York Life's wrongful conduct during the administration of Plaintiff's LTD claim was the result of New York Life's conflict of interest.

63. Upon information and belief, New York Life's decision to deny Plaintiff's LTD benefits beyond December 13, 2023 was the result of New York Life's conflict of interest.

64. Upon information and belief, the opinion of Stephen Broomes, M.D. was influenced by New York Life's conflict of interest, as well as his own conflict of interest and his desire for repeat business from New York Life and/or Network Medical Review Company.

65. New York Life's decision to deny Plaintiff's LTD benefits beyond December 13, 2023 was wrong, arbitrary and capricious, and an abuse of any discretion that New York Life purports to have reserved under the Plan.

66. However, under the terms of the Plan, New York Life has no discretion, therefore, the Court's review of Plaintiff's claim is *de novo*.

67. Pursuant to R.I.G.L. § 27-18-79, New York Life has no discretion under the Plan, therefore, the Court's review of Plaintiff's claim is *de novo*.

68. Based on the evidence submitted to New York Life or otherwise available to New York Life, establishing that Plaintiff has met the Plan conditions for entitlement to benefits continuously since September 13, 2021, and that she at all relevant times continued to

meet said conditions, Plaintiff is entitled to payment of all LTD Plan benefits owed to her plus interest on all improperly withheld payments.

## COUNT I
### (Enforcement of Plaintiff's Rights Under the Plan – ERISA 29 U.S.C. §1132(a)(1)(B))

69. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

70. Plaintiff is entitled to enforcement of all of her rights under the Plan, including but not limited to, payment of all past and present monthly LTD insurance benefits.

71. Plaintiff is entitled to interest on all overdue payments.

## COUNT II
### (Breach of Fiduciary Duty Under the Plan – ERISA 29 U.S.C. §1104)

72. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

73. To the detriment of Plaintiff, New York Life failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan.

74. To the detriment of Plaintiff, New York Life failed to discharge its duties with respect to the Plan solely in the interest of participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

## COUNT III
### (Clarification of Plaintiff's Rights to Future Benefits Under the Terms of the Plan – ERISA 29 U.S.C. §1132(a)(1)(B))

75. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

76. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to clarification of her rights to future benefits under the terms of the Plan.

77. Plaintiff seeks a declaration that she has been continuously disabled under the terms of the Plan from September 13, 2021 to the present, that she is entitled to any and all benefits wrongfully withheld for said period, and that she is entitled to future benefits until such time that she meets the Plan's conditions for discontinuance of benefits.

78. Plaintiff further seeks a declaration that she is entitled to interest on all benefits determined to have been wrongly withheld from her under the Plan.

## COUNT IV
### (Declaration of Plaintiff's Rights Under the Plan – 28 U.S.C. §2201)

79. Plaintiff repeats and reaffirms the above paragraphs, as though fully set forth herein.

80. Based on the above asserted facts and allegations, this matter constitutes a case in controversy under the Declaratory Judgment Act, 28 U.S.C. §2201 and Plaintiff is entitled to a declaratory judgment establishing her rights under the Plan.

81. Plaintiff seeks a declaration that she has been continuously disabled under the terms of the Plan from September 13, 2021 through the present, and that she is entitled to any and all benefits wrongfully withheld under the Plan for said period, and that she is entitled to future benefits until such time that she meets the Plan's conditions for discontinuance of benefits.

82. Plaintiff further seeks a declaration that she is entitled to interest on all benefits determined to have been wrongfully withheld from her under the Plan.

WHEREFORE, Plaintiff prays for the following relief:

A.	That the Court enter judgment in Plaintiff's favor and against New York Life and that the Court order New York Life to pay LTD income benefits to Plaintiff in the amount equal to the contractual amount of benefits to which Plaintiff is entitled.

B.	That the Court order New York Life to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment.

C.	That the Court order New York Life to continue paying Plaintiff benefits until such time as Plaintiff meets the policy conditions for discontinuance of benefits.

D.	That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g).

E.	That the Court enter declaratory judgment clarifying and establishing Plaintiff's rights under the Plan.

F.	For such other legal or equitable relief as this Court deems just and proper, as well as the costs of suit.

>	Plaintiff, by her attorneys,
>
>	*/s/* Leah Small
>	Mason J. Waring, Esq. (#7737)
>	mwaring@cck-law.com
>	Leah Small, Esq. (#9701)
>	lsmall@cck-law.com
>	Chisholm Chisholm & Kilpatrick LTD
>	321 S Main St #200
>	Providence, RI 02903
>	(401) 331-6300 Telephone
>	(401) 421-3185 Facsimile